15548.　GEORGIA RAILWAY AND POWER COMPANY *v.* EUBANKS.

Waiver of the right to rely on other grounds in the reviewing courts was made in the municipal court by the statement of counsel for the movant, on the hearing of the oral motion for a new trial, that he relied on one specified ground alone and would not insist upon others.

With reference to the right to recover as damages expenses incurred by the plaintiff in the repair of his automobile, the case is controlled by the ruling in *Lamon* v. *Perry*, ante, 248. The evidence authorized the verdict.

DECIDED DECEMBER 15, 1924.

Certiorari; from Fulton superior court—Judge Ellis. January 25, 1924.

　*Colquitt & Conyers, Jerome Jones Jr.,* for plaintiff in error.

*Roy Lewis,* contra.

JENKINS, P. J. 1. Where, on certiorari from the municipal court of Atlanta, the only exception was to the overruling of an oral motion for new trial, and, as appears from the answer of the judge of that court, counsel for the movant, on the hearing of the motion, stated that he relied upon only one specified ground and would not insist upon others, the movant thereby waived any right to insist

before the superior court or this court that the overruling of the motion for a new trial was erroneous upon any ground other than that so expressly relied upon.

2. This case, with reference to the right of the plaintiff to recover expenses incurred in the repair of his automobile, is controlled by the ruling made in *Lamon* v. *Perry*, 33 *Ga. App.* 248 (125 S. E. 907). The plaintiff sought to recover damages as shown by an itemized list of payments for material and labor to a named person, $128.40, loss of earnings of the car (used as a taxicab) while being repaired, $150, and the price of a new tire to replace one entirely destroyed, $43.35; total $321.75. The jury returned a verdict for $221.75. There was no exception relied upon that the evidence was not sufficient to sustain a recovery for the items of lost profits and the cost of the new tire, aggregating $193.35, and no attack is made upon the right to such a recovery. The only exception relied upon was: "because the plaintiff failed to prove that the bill which he had paid to have his car repaired was a reasonable and fair bill for the services rendered, and because there was no proof or evidence as to the reasonableness of such amount expended." Under the rule referred to it can not be said that the verdict including those items was without evidence to support it. The driver of the injured taxicab testified in detail as to the nature and extent of the injuries, that the items for repairs listed "were necessary," and particularly as to the cost of one item,—"I know about the one wheel that there was $18 repairs on; that is correct." The owner of the car also described the injuries in detail, and testified that "these repairs were necessary to be done,—one wheel $18, straightening fenders $12, running board mat $2.50, screws and washers, 75 cents, one front wheel $12; that was the mechanics bill, I had to do all that; . . that is the bill I had to pay," and as to the total expenses which he had paid and incurred.

3. There was no error in overruling the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*