## 22671. COOPER *v.* MEADERS.

JENKINS, P. J. 1. Where a petition for certiorari set forth the evidence and proceedings in the trial court, including the final judgment, the motion of the plaintiff to strike parts of the defendant's answer, the objections of the defendant to testimony for the plaintiff, the grounds of such motion and objections, and the court's orders and rulings thereon, and thereafter in the petition added specific assignments of error containing the legal contentions of the defendant, and the trial judge in his answer to the petition stated that it "sets forth the proceedings had on the trial of this case . . and is adopted as respondent's answer to the certiorari," with "the exception of the assignments of error and argument of counsel, the assignments of error not being adopted, but are *certified* and made a part of this answer," the answer was sufficient to enable the superior court to consider the judgment and rulings complained of, and the court did not err in overruling the defendant's exceptions that the answer was insufficient because the trial judge failed to adopt or verify the defendant's assignments of error. In *Ralls* v. *Jones,* 40 *Ga. App.* 218, 219 (149 S. E. 291), the answer of the judge was that

"the petition for certiorari contains *for the most part* the proceedings had on the trial of the case," and the assignments were expressly excepted from adoption, and were not, as in the instant case, *"certified and made a part of the* answer." See also *Reese* v. *Miller,* 33 *Ga. App.* 442 (3) (126 S. E. 904). Moreover, it does not appear that the defendant was injured by the overruling of her exceptions to the answer, since the superior-court judge apparently passed on the certiorari on its merits.

2. Plaintiff sued for $66.20 as the itemized cost of repairs to his automobile, occasioned by a collision with the car of the defendant. The defendant's answer denied the plaintiff's allegations of negligence, and in paragraphs 5 and 6 sought to recover, as damages for the plaintiff's alleged negligence in the same collision, "$100, by reason that the impact was severe and caused her to suffer a nervous shock to her whole nervous system, and that her nerves have been impaired by the said impact;" that she "suffered great mental anguish by reason of the severe impact," and that "her nervous system has been completely impaired by the acts and fault of the plaintiff in attachment." She also claimed $5 property damage to her car. The trial judge, sitting without a jury, granted the plaintiff's motion at the trial to strike the paragraphs quoted above, and, under conflicting evidence, rendered a judgment for the plaintiff for $59.85. There was evidence for the plaintiff as to the amounts paid for repairs to his car, a detailed description of the injuries and a statement that the items paid were "the necessary repairs," and that another automobile concern after examining the injuries estimated their cost at the same amount as was actually charged. The defendant contends that the finding and judgment is unsupported, on the ground that there was no evidence that the repairs made were necessary, and that the expenditures made were their reasonable value. Exception is also taken to the striking of the paragraphs relating to injury to the defendant's nervous system, and the consequent exclusion of proof of such injury. *Held:*

(a) Under the rule stated in *Ga. Ry. Co.* v. *Eubanks,* 33 *Ga. App.* 255, 256 (2) (125 S. E. 909), *Lamon* v. *Perry,* 33 *Ga. App.* 248, 249 (125 S. E. 907), and *Olliff* v. *Howard,* 33 *Ga. App.* 778, 779 (127 S. E. 821), there being testimony as to the cost of the repairs, a full description of the injuries, and that the expenditures made were "the necessary repairs," with other evidence as to their value, the finding for the plaintiff was not unsupported by evidence.

(b) Under the Georgia law, the rule is that, "unless wrongful acts of negligence be wilful or wanton, they do not authorize the recovery of damages where the resulting injury consists only in shock, fright, or mental pain and suffering. . . But, even in the absence of wilfulness or wantonness, mere wrongful acts of negligence will authorize a recovery where the resulting fright, shock, or mental suffering is attended with actual immediate physical injury, or where from the nature of the fright or mental suffering there naturally follows as a direct consequence physical or mental impairment." *Hines* v. *Evans,* 25 *Ga. App.* 829 (105 S. E. 59); *Pettett* v. *Thompson,* 33 *Ga. App.* 240 (125 S. E. 779), and cases cited in those decisions. There is respectable foreign

authority that, the nerves being a part of the physical system, a disturbance of the nervous system is distinct from mental anguish, and falls within the physiological rather than the psychological branch of the human organism, that an injury to the nervous system is an injury to the body, even though the mind be at the same time injuriously affected, and that pain and suffering ensuing from an injury to the nerves is, therefore, to be regarded as a physical injury such as will of itself support a recovery of damages. 8 R. C. L. 528, 522; 17 C. J. 832; and cases cited. Whether that rule would obtain in this State, in the absence of any showing that the injury to the nervous system was accompanied by any other sort or character of bodily cut, abrasion, break, bruise, or impact, it is not necessary in the instant case to decide, for the reason that the trial court, having found in favor of the plaintiff, must necessarily have found that the injury was brought about by the negligence of the defendant and not of the plaintiff, and consequently the failure of the court to recognize the principle of damages just stated, as supported by foreign authority, would be immaterial and harmless.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 29, 1933.

*Hallie B. Bell, Julian F. Urquhart,* for plaintiff in error.
*W. O. Cooper Jr., O. L. Long Jr.,* contra.