### 25533. ELROD v. BROWN TRANSFER & STORAGE CO.

DECIDED SEPTEMBER 26, 1936.

*Maddox & Griffin,* for plaintiff.
*Wright & Covington,* for defendant.

Sutton, J. Mrs. Cornelia Elrod brought suit against the Brown Transfer and Storage Company, in which she sought the recovery of damages. She alleged that the defendant was a partnership owning and operating certain large motor-trucks and engaged in the business of transferring and hauling freight from place to place for hire; that on July 17, 1934, while she was seated on the front porch of her home in the city of Rome, Georgia, a negro man named Sullivan, employed by defendant as a driver of one of its trucks, and on the occasion complained of being engaged within the scope of his duties and in the business of defendant, was driving one of defendant's trucks along the street in front of the plaintiff's home; that her attention was attracted by the noise of the truck approaching on said street at a fast and unlawful rate of speed; that in rounding a curve in the street just before he got in front of plaintiff's home, the truck was driven so fast that the driver lost control of it and was unable to keep it in the street, and it swerved to the right thereof and completely out of the street and headed straight toward a large elm tree standing off the street, and to prevent striking the tree, the driver turned the truck to the left and drove it across said street, crashing through the fence around the plaintiff's home, and straight toward the plaintiff sitting on the porch, finally stopping the truck close enough for her to put her hands on it; that the truck struck the wooden gate, splintering it, and ran through a hedge around the edge of the yard, and when the truck struck the gate and hedge it knocked some splinters, ten to twelve inches long, off of the gate and against the plaintiff's body and into her lap; that leaves, dirt, and rubbish were thrown against her body and lap; and that as a result of the defendant's driver so operating said truck, the plaintiff was paralyzed with fright, causing her hands, arms, feet, and legs to draw and twist and her head was drawn back, the same being a form of convulsion, and she was thereby confined to her bed for seventeen days, during which time she continued to have said drawings of her limbs and convulsions; that she was a sick and weak woman, just in the recuperating stage from the disease known as pellagra, and was sitting in a chair on her front porch in the sunshine as a part of her treatment, when the defendant's servant drove said truck through the fence and up to and against her front porch. Plaintiff brought her suit in five counts, the first charging simple

negligence, the second gross negligence, the third trespass on her property, the fourth criminal negligence and assault on her person, and the fifth wilful, wanton, and intentional injury.

The defendant demurred to all counts of the petition, because (1) no cause of action was set forth; (2) there is no legal basis for recovery of the damages alleged; (3) there can be no recovery of damages for fright and nervous shock unaccompanied by physical contact or injury, and (4) the petition discloses that there was no actual injury to the plaintiff, and the sole cause of action is based upon fright and nervous shock, and no recovery can be had for such elements of damage. The defendant demurred to the second count, because the facts alleged do not constitute gross negligence, the allegation to that effect being a mere conclusion; to the third count, on the ground that it appears that it is based upon a trespass to real estate, and there can be no recovery on account of such a trespass where no trespass to the person is alleged, and because no facts are set out showing that the damages alleged could have been reasonably anticipated to flow from a mere trespass to realty; to the fourth count, on the grounds that it set forth a mere conclusion without any facts to support the allegations as to criminal negligence and assault on the person of plaintiff, because no facts are set forth showing any assault on the plaintiff, and the facts alleged do not show any criminal negligence; and to the fifth count, on the ground that the averments as to the alleged conduct of the defendant in the premises being wilful and wanton are a mere conclusion. There were grounds of special demurrer which the plaintiff met by amendment, and the defendant renewed its demurrer to the amended petition. The judge sustained the demurrer and dismissed the action on all counts, and the plaintiff excepted. Under the record and the briefs of counsel for both parties, the sole question for decision is whether the alleged damages are such as can be recovered under the law.

■ The petition set up a cause of action under the first and second counts, based on simple negligence and on gross negligence respectively. See *Frye* v. *Pyron*, 51 *Ga. App.* 613 (5) (181 S. E. 142), and cit.

■ The allegations of fact in the third, fourth, and fifth counts were not sufficient to support a cause of action against the defendant for trespass, for criminal negligence, and for wilful and

wanton conduct, as set up therein respectively; and as to these counts the judge properly sustained the general demurrer.

While, generally, in the absence of wilfulness or wantonness or a positive intentional tort, damages for mere fright are not recoverable; they may be recovered where there is some physical injury attending the cause of the fright, or, in the absence of physical injury, where the fright is of such character as to produce some physical or mental impairment directly and naturally resulting from the wrongful act. Mere negligent acts will authorize a recovery where the resulting fright, shock, or mental suffering is attended with actual immediate physical injury, or where from the nature of the fright or mental suffering there naturally follows as a direct consequence physical or mental impairment. In either of such events the fright or mental suffering can itself be considered, together with the accompanying physical injury or resulting physical or mental impairment. *Atlanta Hub Co.* v. *Jones,* 47 *Ga. App.* 778, 780 (171 S. E. 470); *Williamson* v. *Central Ry. Co.,* 127 *Ga.* 125, 131 (56 S. E. 119); *Cooper* v. *Meaders,* 47 *Ga. App.* 89 (169 S. E. 685); *Candler* v. *Smith,* 50 *Ga. App.* 667, 673 (179 S. E. 395). In the cases of *Kitchens* v. *Williams,* 52 *Ga. App.* 422 (183 S. E. 345), *Goddard* v. *Watters,* 14 *Ga. App.* 722 (82 S. E. 304), *Logan* v. *Gossett,* 37 *Ga. App.* 516 (140 S. E. 794), *Walton* v. *Rankin-Whitten Realty Co.,* 44 *Ga. App.* 288 (161 S. E. 276), and *Atkinson* v. *Bibb Mfg. Co.,* 50 *Ga. App.* 434 (178 S. E. 537), there was either no accompanying physical injury or physical or mental impairment naturally and directly resulting from the acts complained of, or the plaintiff was seeking to recover for a positive and wilful tort, and the petition failed to make a case therefor. These cases are distinguishable from the present case, where the petition shows a mental and physical impairment resulting directly from the act of the defendant producing the fright.

Applying the above principles to the allegations of the first and second counts of the petition, which are based on simple negligence and gross negligence respectively, the judge erred in sustaining the general demurrer and in dismissing the action as to these counts.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*