### 32045. POTTS *v.* SESSIONS.

Decided June 1, 1948.

262

*Frank G. Wilson*, for plaintiff in error.
*Miller G. Edwards Jr.*, contra.

TOWNSEND, J.   (After stating the foregoing facts.)   ■ Counsel for the defendant in his brief contends that the trial court erred in overruling the motion for a new trial on the general grounds because, first, the evidence, he contends, demands a finding that the plaintiff was guilty of such contributory negligence as to bar a recovery; second, because he contends that the plaintiff fails to prove that the road on which the collision occurred was a State-aid road as to which Code § 68-314 would be applicable; third, that he contends that Code § 68-314 was not applicable because the evidence required the finding that the defendant parked his truck as far removed from the center as possible and that the law does not require an impossibility; and fourth, that he contends that the evidence failed to show that the time of the collision was more than 30 minutes after sunset or that visibility was restricted to 500 feet, and that therefore Code § 68-316a is not applicable.

The questions of whether or not the plaintiff was himself in the exercise of ordinary care for his own safety and whether or

not the plaintiff by the exercise of ordinary care could have avoided the consequences of the negligence of the defendant, are for the determination of the jury. See *Frye v. Pyron*, 51 *Ga. App.* 613 (supra); *Tybee Amusement Co.* v. *Odum*, 51 *Ga. App.* 1 (3) (supra); *Bach* v. *Bragg*, 53 *Ga. App.* 574 (3) (supra).

On the question of whether or not Code § 68-316a requiring headlights and a taillight on a motor vehicle applied, there was ample evidence in the record to authorize the jury to find that darkness had set in and that the use of the lights was necessary.

Since a plaintiff is not required to prove all his allegations of negligence in order to recover, in passing on the sufficiency of the evidence as tested by the general grounds of the motion for a new trial, it is not necessary for us to determine whether or not § 68-314 of the Code with reference to the parking of vehicles more than 8 feet from the center line of State-aid roads applies in this case.

The verdict is amply authorized by the evidence and the general grounds afford no cause requiring a new trial.

■ Special ground 1 of the amended motion for a new trial contends that the court erred in refusing to charge three principles of law that are contained in one request to charge. The first of these principles thus requested is covered in the general charge, the second was given by the court as requested, and the third is as follows: "The law does not require one to do the impossible and if it was impossible for Mr. Potts to park his truck 8 feet from the center of the highway he would not be guilty of negligence in failing to so park." The judgment of the trial court overruling the motion for a new trial as amended deals with each of the questions involved and cites authority in support of his opinion which is part of the record. In ruling on this question the trial judge cited the case of *Kelly* v. *Locke*, 186 *Ga.* 620 (198 S. E. 754), as authority for his refusal to charge this excerpt as requested and his refusal to grant a new trial based on this ground. We quote from headnote 2 thereof as follows: "Under an act of the General Assembly approved March 28, 1935 (Ga. L. 1935, p. 443), it is 'unlawful for any person to stop or park any automobile, automobile truck, tractor, trailer, or other motor vehicle, or horse-drawn vehicle, on or along any State-aid road or highway, unless such vehicle be placed so

that it is at least eight feet removed from the center line of such State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within eight feet of the center line of such State-aid road or highway.' (a) This statute must be given a reasonable construction, and not be so construed as to require an impossibility. (b) It does not cease to be applicable, however, merely because the operator of a motor vehicle may, without fault on his part and in some emergency, find it necessary to stop the vehicle on the highway, even though from the narrowness of the road he is unable to park so that 'no portion thereof shall be within eight feet of the center line of such State-aid road or highway.' (c) In such case the statute is still applicable and would require that the vehicle be parked as far from the center line as possible, consistently with ordinary care and diligence in the circumstances. (d) But even such parking as far as reasonably possible from the center line, at the point of the emergency, would not be sufficient to satisfy the statute, unless there is no other available space to which the driver, in the exercise of such care and diligence, may resort for parking in accordance with the law as written. (e) Accordingly, although there may be no sufficient space at the immediate point of the emergency, yet if the vehicle can consistently with law and common prudence be moved to some other area where lawful space may be had, the driver should under the law pursue the latter course. (f) In the instant suit for damages, the trial judge, referring to the act of 1935, charged the jury as follows: 'Now, under ordinary circumstances, as a general proposition of law, no truck or automobile . . can be stopped in less than eight feet from the center line of the road. But the law does not require an impossibility; and if the road was of such width that it was a physical impossibility to park the truck eight feet from the center of the road, then this statute would not be applicable under such circumstances, because the law does not require an impossibility. To make this perfectly plain, suppose the entire road was only twelve feet wide, it would be impossible to park any car on the road eight feet from the center, because if the open road was only twelve feet you could not park a car eight feet from the center. That is the contention of the defendants. They say it was impossible to park that truck under the circumstances of the

case eight feet from the center line of the road; and if that is true, the ordinance [statute]in question would not have any applicability to this case.' Under the foregoing rulings, the charge was error as against the plaintiff, and the error was not cured by other instructions given. It follows that the judgment overruling the plaintiff's motion for new trial should have been reversed by the Court of Appeals, because of such error."

In view of this authority the court properly declined to charge the excerpt requested and this ground of the amended motion for a new trial is without error.

■ Special grounds 2 and 3 of the amended motion for a new trial contend that there is no evidence in the record by which the amount of damage done to the automobile could have been determined and fixed by the jury.

In dealing with these grounds the trial judge in his opinion and judgment overruling the motion for a new trial refers in the brief of evidence to the testimony of the witness, R. L. Hartley, in which he points out that this witness testified that he examined the wrecked car on or about February 28, the date of the accident, and he estimated the cost of repairs to the car which had been in a collision at $511.02. He detailed the injuries and gave a full description as appears in Exhibit "P1." He further testified that these repairs *should* have been made, but the repairs he actually made amounted to about $400 because the necessary parts were not available. His opinion was that the impact was at the center of the radiator grill. The trial court then cites *Georgia Ry. & Power Co. v. Eubanks*, 33 *Ga. App.* 255, 256 (2) (125 S. E. 909); *Lamon v. Perry*, 33 *Ga. App.* 248, 249 (125 S. E. 907); *Olliff v. Howard*, 33. *Ga. App.* 778 (127 S. E. 821); *Cooper v. Meaders*, 47 *Ga. App.* 90 (2a) (169 S. E. 685); *Weathers Bros. Co. v. Jarrell*, 72 *Ga. App.* 317 (6) (33 S. E. 2d, 805).

In the instant case $600 of the suit was for the diminution of the market value of plaintiff's automobile, $9 was for damage to his watch. The suit was for $759. A part of the injuries for which he claimed damages was the pain and suffering incident to personal injuries which he alleged and testified resulted from the collision. The method by which the damage to his watch was proved is unexcepted to, and authorizes a verdict for $9 for

this damage. Since the only interpretation that can be given the petition is that $150 of the suit was for personal injuries, this amount is authorized because the plaintiff testified that he suffered a skinned place on his head and was sore after the collision but did not require medical attention. These injuries were slight but it can not be said that the sum of $150 is excessive for the pain and suffering incident thereto, the amount to be awarded far pain and suffering being a matter that addresses itself to the enlightened consciences of fair and impartial jurors.

Of the $208 verdict rendered by the jury in this case the foregoing figures take up all of it but $49. While there is no evidence in the record by which the jury could determine the fair market value of the automobile immediately before the collision and immediately after it, it authorizes their finding the automobile to be a 1941 model Pontiac coupe, and that the repairs actually performed thereon were paid for by the plaintiff and came to approximately $400. The jury was also authorized to find that these repairs were necessary. The authorities cited by the trial court amply authorized any part of the verdict the jury may have seen fit to apply to damages to the automobile. These grounds of the amended motion for a new trial are without merit.

The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*