24708, 24746. WADE et al. v. HOWELL et al.; and vice versa.

DUCKWORTH, Chief Justice. This litigation involves (1) the location of a dividing line between the parties, (2) an alleged continuing trespass, (3) damages for timber cut, and (4) injunctive relief. The court denied summary judgment for the appellant-defendant, construed the will as conveying the portion of the northeast quarter of a certain land lot lying east "of a line running north and south a distance of 20 feet west of the well where a windmill formerly stood," declared that the testator died intestate as to any remaining portion of the northeast quarter, held the defendants guilty of trespassing, but declared it a jury question as to the amount of damages, and enjoined the defendants from trespassing on property therein described. *Held:*

1. The court did not err in refusing to grant summary judgment in favor of the defendants since the evidence was conflicting on the issues as shown below.

2. The court erroneously construed the will as being an intestacy in any part since Item 4, which was identical in both sep-

arate certified copies, devised "all the remainder" of the testator's estate to his lawful heirs.

3. But the record disclosed two separate and distinct certified copies of the alleged will which contained discrepancies as to the land devised, and on the trial of the case, the actual will may be introduced in evidence or the discrepancies explained. Since there do exist differences in the language of these copies, the lower court should be free to construe the correct will; hence the judgment is reversed as to the construction of the will on summary judgment.

4. Summary judgment should be granted only where there is no genuine issue of material fact. *Code Ann.* § 81A-156 (Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238). The evidence submitted is in conflict as to whether there exists a trespass and damages, since we can find no certainty as to the exact location of the dividing line; hence the finding of trespass, injunctive relief and damages are all for jury determination, and the court erred in its finding thereon, particularly if the determination of the actual land in controversy is uncertain as stated in Headnote 3 above. *McCurry v. Bailey,* 224 Ga. 318 (162 SE2d 9).

*Judgment is affirmed in part; reversed in part on the main appeal. Reversed on the cross appeal. All the Justices concur.*

ARGUED JUNE 11, 1968—DECIDED SEPTEMBER 24, 1968—
REHEARING DENIED OCTOBER 10, 1968.

*Jesse DuBose,* for appellants.
*A'Delbert Bowen,* for appellees.