### 45685.   GREY v. ROBOSCOPE INTERNATIONAL, LTD., OF GEORGIA, INC.

EVANS, Judge. A plea to the jurisdiction was filed to a suit on contract. In the pre-trial order, the court stated that the defendant had filed an affidavit in support of his plea. The defendant deposed therein that he had been a resident of Hall County, continues to own property there and is a Hall County taxpayer, but he had established a residence in DeKalb County before the suit was filed against him, and it is not his intention to return to Hall County. The pre-trial order further reads that the parties agreed that the plaintiff shall file counter-affidavits "not later than June 22nd" and thereafter the court will determine whether there remain issues of fact as to the plea to the jurisdiction, but if an issue of fact remains it would be heard by a jury. The plaintiff failed to file any counter-affidavits, and the court granted summary judgment as to the plea in favor of the defendant, dismissing the complaint. After a hearing of a motion to reconsider in which a counter-affidavit was submitted, the trial court revoked the previous order granting summary judgment during the term because the usual court procedure as to summary judgment was not followed. This order reinstated the case. The appeal is from this judgment with a certification by the court for immediate review. *Held:*

1. No evidence or transcript being in the record before this court as to the hearing held July 10, 1970, in which the court revoked the order granting summary judgment and reinstated the case, the errors enumerated based on the alleged "neglect," "excusable neglect," or other matters relating to the failure

of the plaintiff to submit counter-affidavits, will not be considered. These enumerated errors are not meritorious.

2. Whether the ruling of the lower court was based on an alleged default of the plaintiff to file responsive or counter-affidavits within a given time to an agreed oral motion for summary judgment in favor of the defendant on his jurisdictional plea, or because the plaintiff failed to submit evidence as directed, the court, during the term, granted plaintiff's motion to reconsider and set aside the alleged summary judgment order, stating in this order that the procedure as to summary judgment was not followed, and under his plenary power he elected to vacate the judgment, citing *Bank of Tupelo v. Collier,* 192 Ga. 409, 411 (15 SE2d 499); and *Lewis v. Lewis,* 215 Ga. 7 (108 SE2d 812). Since the judgment was set aside during the term, the lower court did not abuse its discretion. See § 60 CPA (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 240; *Code Ann.* § 81A-160 (b), (g)). Compare *Boockholdt v. Brown,* 224 Ga. 737, 739 (164 SE2d 836). See *Gilham v. Stamm & Co. Inc.,* 117 Ga. App. 846 (162 SE2d 248).

3. Whatever the nature of the pre-trial order as to whether it was an agreement of all parties to consider it as a motion for summary judgment (see *Thompson v. Abbott,* 226 Ga. 353, 355 (174 SE2d 904)), for the lower court to rule upon the plea to the jurisdiction, the evidence considered by the court was insufficient to authorize summary judgment since the residence averred in the complaint was not overcome by the defendant's affidavit and deposition. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); *Connors v. City Council of Augusta,* 120 Ga. App. 499 (171 SE2d 578); *Elder v. Smith,* 121 Ga. App. 461 (174 SE2d 239). A jury in considering the evidence might believe the defendant was still a resident of Hall County, since he resided there on weekends, owned property and paid taxes there, even though he positively swears that it was his intention to reside in DeKalb County. See *Code* § 79-402; *Smith v. Smith,* 223 Ga. 551 (156 SE2d 916). This evidence was insufficient to demand a finding in favor of the plea.

4. The lower court did not err in revoking its order on summary judgment during the term and before any rights had vested thereunder.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*
SUBMITTED OCTOBER 7, 1970—DECIDED OCTOBER 30, 1970.

*Henry M. Murff,* for appellant.
*Smith & Smith,* for appellee.