## 49376. STEPHENS v. HOWLE.

EVANS, Judge.

This case sounds in tort—false imprisonment, malicious prosecution and libel. Prior to trial, during the discovery phase, defendant, L. D. Howle, served interrogatories upon plaintiff, Donald H. Stephens.

Acting pro se, plaintiff (who was not an attorney at law) answered plaintiff's interrogatories, but defendant contended the answers were evasive, incomplete, semi-illegible, and as to certain questions, amounted to no answer at all. Defendant moved for an order to compel plaintiff to answer, and for sanctions for wilfully failing to properly answer, including attorney fees.

Upon hearing this matter, the trial court ordered that plaintiff "give full and complete *legible* answers to defendant's interrogatories," and that the refusal to make discovery was wilful and without justification; and at a later time the trial court rendered judgment for defendant against plaintiff for $100 attorney fees because of plaintiff's wilful failure to properly answer the defendant's interrogatories.

The sole question for determination here is as to the judgment for $100 attorney fees. *Held:*

1. Where a party moves for an order compelling answers to interrogatories, the court may "if the motion is granted . . . after opportunity for hearing" require the party or his attorney whose conduct necessitated the motion to pay the "reasonable expenses incurred in obtaining the order." Code Ann. § 81A-137 (a 4) (§ 37, CPA; Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235; 1970, p. 157; 1972, pp. 510, 530).

In *Wilson v. Barrow,* 107 Ga. App. 555 (4) (130 SE2d 812), it was held that the court has a discretion as to the consequences for failure to comply with the provisions of the former discovery Act, Code Ann. Ch. 38-21 (Ga. L. 1959, p. 425 et seq.). Code Ann. § 81A-137 (b 2), supra, as to sanctions, is virtually in the same language as the former law.

3. Defendant contended the answers were illegible, and the trial judge seems to have agreed, in view of the requirement in his order that plaintiff give "full and complete and *legible* answers." It is true that the answers were not typed but were in long-hand. The plaintiff represented himself and was not an attorney at law. We do not find, from a perusal of the answers, that they are illegible. We know of no requirement that they be typed.

4. Defendant served sixty interrogatories upon plaintiff, consisting of a total of approximately 80 questions. In view of defendant's being represented by counsel, and in view of plaintiff being a non-lawyer, and appearing pro se, we can easily understand how these interrogatories, consisting of approximately 80 questions, could have been accounted undue harassment, especially in view of the nature of many of the questions. A party is allowed to show the necessity of *limitation as to the number of interrogatories* served upon him (Moore's Manual, Federal Practice, § 15.04 (4)), but may not make a general objection that they are burdensome. There is little likelihood that the plaintiff knew of his rights in this respect.

5. Plaintiff answered legibly and fully as to most of the questions which the trial court held were not sufficiently full and were illegible. But at least some of the answers were evasive and incomplete. The statute vests a discretion in the trial judge to determine whether the failure to properly answer was wilful, and whether attorney fees should be assessed against the party who fails to properly answer, as well as the amount of such attorney fees.

6. It is most probable that the plaintiff's answers were not purposely or wilfully evasive, but due to a lack of knowledge of the law, ineptness, or lack of conciseness of the nonlawyer plaintiff in responding to defendant's interrogatories. Whether this court would have rendered a judgment for attorney fees in this case or not is immaterial, because the trial court was vested with a discretion, which we do not find to have been abused in this instance.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

94

Submitted May 10, 1974 — Decided June 12, 1974.

Donald H. Stephens, *pro se.*
*Barwick, Bentley & Binford, M. Cook Barwick, Thomas S. Bentley, Warren W. Wills, Jr.,* for appellee.