*Charles M. Lokey,* for appellee.

## 49346. O'PRY et al. v. GOODMAN et al.

EBERHARDT, Presiding Judge.

The plaintiff (O'Pry) and the third party defendant (Minyard) appeal from a denial of their motions for summary judgment as to the defendant's counterclaim and cross claim, respectively.

The pleadings, depositions, and affidavits of the parties reveal the following facts: On August 23, 1968, Minyard was traveling west on Ellis Road, a two-lane, twenty-foot wide state-aid roadway, three miles west of Griffin, Georgia, when his car stalled requiring him to stop. He parked the disabled vehicle on the right shoulder of the road and called for his uncle, O'Pry, to come and tow him hcme. O'Pry arrived, and he and Minyard pushed Minyard's car off the road (it had been "about two foot . . . on the road") after which they left to find a suitable towing cable. When they returned, O'Pry positioned his car in front of Minyard's, and began to connect a cable between the vehicles. There is evidence that at this point, both Minyard's and O'Pry's cars were partially on the westbound lane of the road, approximately six to ten feet from the center line. The defendant was traveling east on the same road and, as she came over the top of a hill, she observed the appellants' cars approximately 100 to 300 feet away. The defendant states in her affidavit that she ". . . could not tell what had happened, but the cars were in the road and people were milling around the cars. I instinctively applied the brakes on my car and pulled to the right side of the road as far as possible to avoid whatever was going on around the two cars. When I did this, my right wheels went off the pavement onto the shoulder of the road. The shoulder of the road was very rough causing me to lose control of the car, and as I struggled to get it back under control, it swerved across the road and struck the other automobiles." There appears to be some dispute as to

defendant's speed before the accident, but she states she was traveling 50 miles per hour, or slower. Both O'Pry and Minyard, as well as defendant, were injured in the accident.

On June 26, 1970, O'Pry filed a complaint for personal injuries against the defendant. The defendant answered on July 29, 1970 and also filed a counterclaim against O'Pry, and what has been treated as a third party claim and "cross claim" against Minyard, alleging that both were negligent in the manner in which they parked their vehicles and walked around them. Apparently, on March 6, 1973, Minyard filed a motion for summary judgment as to the third-party claim and this motion was denied on April 6, 1973. Minyard did not complete an appeal from this denial, but did in August, 1973 file a renewed motion for summary judgment as to the defendant's third-party claim based on additional evidence. On September 25, 1973, O'Pry moved for summary judgment as to defendant's counterclaim. According to the record and to an affidavit from the trial judge, both motions were taken under advisement and were not ruled upon until February 7, 1974, when both were denied and certified for review. Their joint appeal sets forth this denial as the sole enumeration of error.

Defendant has filed a motion to dismiss the appeal on the grounds that Minyard's failure to complete his appeal of the denial of his first motion for summary judgment precludes the present appeal and "establishes the law of the case as to both parties." However, the defendant has failed to include Minyard's first motion and the trial judge's denial order in the record on appeal. These items being absent from the record, the defendant's basis for her motion to dismiss is without support. See, e. g., *Grey v. Robo-scope International Ltd. of Ga.*, 122 Ga. App. 725 (178 SE2d 334). Furthermore, it is likely that if the second motion for summary judgment was based on additional evidence, the trial court's denial of Minyard's first motion does not "establish the law of the case," and Minyard may properly make the second motion and appeal from its denial. "'While we certainly do not approve in general of the piecemeal consideration of successive motions for summary judgment, since

defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised, we do not believe the rules prohibit the consideration by a trial court of a second motion of this nature.' " *Sams v. McDonald,* 119 Ga. App. 547 (167 SE2d 668).

Both O'Pry's and Minyard's motions for summary judgment were based on the assertion that the defendant's negligence was the sole and proximate cause of their injuries and that neither of them was negligent, as a matter of law, in regard to defendant's injuries. The defendant, on the other hand, alleges in her counterclaim against O'Pry and her third party complaint and "cross claim" against Minyard that both were negligent in creating a dangerous situation on a public roadway. The criterion for testing the complaint, the counterclaims, the third-party claim, and the "cross claim" against a motion for summary judgment is the same: If there is an issue of material fact, based on the findings, depositions and affidavits of record, then the motion should be denied. Code Ann. §§ 110-1201, 110-1202; Code Ann. § 81A-156 (b). See *Wade v. Howell,* 224 Ga. 626 (163 SE2d 717); *Roesler v. Etheridge,* 125 Ga. App. 358 (187 SE2d 572).

The appellants, O'Pry and Minyard, urge that, as a matter of law, defendant could not recover against them because (1) the accident occurred on their side of the center line and (2) their violation of Code Ann. § 68-1670 (a15), requiring parked vehicles to be parked more than 12 feet from the center line of a roadway was not and could not have any part in the causation of defendant's injury.

We cannot, as appellants ask us to do, hold that, as a matter of law, whenever an accident occurs because one party has crossed the center line that the other party is free from actionable negligence. The case of *Layton v. Knight,* 129 Ga. App. 113 (198 SE2d 915) does not, contrary to appellants' belief, stand for the proposition that a summary judgment will be granted in favor of the party on whose side of the road the accident occurred. The ultimate question on this issue is whether or not the appellant's conduct amounted to negligence *proximately* causing the collision. What would an ordinarily prudent

person have done under the same or similar circumstances? Code § 105-201. This question should be answered by a jury.

In this connection, however, we call attention to the assertion of the Supreme Court in *Kelly v. Locke,* 186 Ga. 620 (198 SE 754), dealing with this provision of law when the distance from the center line was prescribed to be eight feet (later amended to 12 feet), that "This statute must be given a reasonable construction, and not be so construed as to require an impossibility." If the facts as developed by the evidence should disclose that by reason of the narrowness of the road, or the proximity of ditches on the side, or parking a *disabled* vehicle 12 feet from the center line was an impossibility (Could the operator have moved it without obtaining help?), the statute should be construed to require parking as far from the center line as the conditions reasonably permitted, if there was no other available space where the operator of the vehicle could have parked at the required distance. That the vehicle was disabled and could be moved to some other place only by towing is a condition or fact to be considered, and if that should be found to be the truth of the matter, a reasonable construction of the statute would excuse the operator of the disabled vehicle if it appeared that he had parked it as far from the center line as reasonably possible under the existing circumstances and proceeded with reasonable diligence to procure the means of towing the car away. See in this connection: *Sumner v. Thomas,* 72 Ga. App. 351, 369 (33 SE2d 825); *Potts v. Sessions,* 77 Ga. App. 259, 263 (2) (48 SE2d 561); *Railway Express Agency v. Mathis,* 83 Ga. App. 415, 418 (4) (63 SE2d 921); *National Upholstery Co. v. Padgett,* 108 Ga. App. 857, 861 (2) (134 SE2d 856), all of which apply the construction of *Kelly v. Locke,* 186 Ga. 620, supra.

Appellants also point out that defendant's lane on the roadway was completely unobstructed in that both appellants' cars, even though within 12 feet of the center line, were on the other side of the center line. We cannot say, as a matter of law, that Code Ann. § 68-1670 (a15) is inapplicable to the present situation. To so rule would mean that the statute was intended to prohibit parking within 12 feet of the center line only in the non-opposing

lanes of traffic. The cases do not indicate that conclusion. "It is our opinion that the legislature, in making it a crime to park on the highway within [twelve] feet of the center line enacted the law for the benefit of all persons who might *meet* or *follow* the parked vehicle, and its purpose was to avoid collisions by persons coming from behind the parked vehicle and those meeting it." *Bozeman v. Blues Truck Line,* 62 Ga. App. 7, 9 (7 SE2d 412) (dictum). See also *Washington v. Kemp,* 97 Ga. App. 235 (102 SE2d 910).

Defendant's statement indicates that it was the position of the two parked cars that caused her to attempt evasive action and lose control of her vehicle. We cannot determine as a matter of law what was the proximate cause of the defendant's injuries. Whether the accident was caused by appellants' acts, whether it may have been her own act in leaving her lane of traffic and going onto the rough shoulder of the road and losing control of her car, or whether she was driving at a speed that was reasonable under the conditions existing; all are conclusions which are within the province of the jury.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

ARGUED MAY 8, 1974 — DECIDED JUNE 20, 1974.

*Beck, Goddard, Owen & Murray, Samuel A. Murray, J. C. Owen, Jr.,* for appellants.

*Carlisle, Johnson & Newton, John R. Carlisle,* for appellees.