51737, 51738. KELLER BUILDING PRODUCTS OF ATLANTA, INC. v. YOUNG et al. (two cases).

CLARK, Judge.

These two appeals involve a single suit brought by Keller Building Products of Atlanta, Inc. against Robert A. Young and Young Development Company, Inc. to foreclose a materialman's lien and recover the amount of its claim. The complaint alleged that plaintiff had furnished labor and materials to defendants for improvement of two pieces of property owned by the individual defendant and that defendants refused to pay the amounts ($25,426.73 and $14,299.34) owing for such labor and materials. It also pleaded timely filing (3 months) of materialman's liens against the individual defendant's properties and timely commencement (12 months) of suit.

Defendants answered separately, each denying the material allegations of the complaint. Both defendants

thereafter moved for summary judgment in whole or in part on the basis of the pleadings and their answers to interrogatories. This motion was denied on April 17, 1975, by the trial court. This court's order read in part as follows: "It appears that the deposition of defendant Robert A. (Bob) Young was taken, but has not been filed and counsel for plaintiff objects to its consideration. Counsel for defendants contends this deposition would show there are no disputed material facts, and a summary judgment is demanded. However, it is self-evident that without this deposition being a part of the record, there are disputed material facts. Therefore, it is ordered and adjudged that said motion for summary judgment be and same is hereby overruled and denied." (R. 84).

Thereafter a second summary judgment motion was filed by the individual defendant alone. In support of this motion, defendant filed an affidavit wherein he averred the following: "On or about July of 1972 arrangements were made by me in my representative capacity as president of Young Investments, Inc., a Georgia corporation, for plaintiff to furnish carpeting for an apartment development known as Valencia Villas . . . On or about December of 1971, acting in my representative capacity as president of Coronado Cliffs Apartments, Inc., I asked plaintiff to furnish some carpeting for an apartment development known as Coronado Cliffs Apartments. . . In all of the dealings, transactions and negotiations conducted between the agents, servants and employees of plaintiff corporation and myself, I was acting in a representative capacity as an officer of Young Investments, Inc. and Coronado Cliffs Apartments, Inc., and never in my individual capacity. I have never personally purchased any materials from . . . Keller Building Products of Atlanta, Inc. [plaintiff] . . . and am not indebted to Keller Building Products of Atlanta, Inc. in any amount."

Responding to defendant's motion for summary judgment, plaintiff amended its complaint by adding the following paragraph: "[T]he defendant, Robert A. Young, so commingled his activities and confused his activities with the activities of the corporations known as Bob Young Investments, Inc., Coronado Cliffs Apartments,

Inc., and Bob Young Development Company, Inc., and perhaps other corporations, that the result of such confusion and commingling of activities was to hinder, delay and defraud creditors and thereby enable Robert A. Young to evade contract obligations." (R. 107).

Following a hearing on the second summary judgment motion, the trial court entered judgment in favor of the individual defendant. These appeals followed.

1. *Case No. 51737.* In this appeal, plaintiff asserts the trial court erred in granting the individual defendant's summary judgment motion because (1) a previous motion for summary judgment was denied and (2) genuine issues of material fact remained for trial.

(a) Consideration of a second motion for summary judgment lies within the discretion of the trial judge, especially where, as here, additional evidence is presented in support of the second motion. *Suggs v. Brotherhood of Locomotive Firemen & Enginemen,* 106 Ga. App. 563, 564 (2) (127 SE2d 827); *Stein Steel &c. Co. v. Briggs Mfg. Co.,* 110 Ga. App. 489, 493 (3a) (138 SE2d 910); *Walker v. Small Equip. Co.,* 114 Ga. App. 603 (152 SE2d 629). " 'While we certainly do not approve in general of the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised, we do not believe the rules prohibit the consideration by a trial court of a second motion of this nature.' " *Sams v. McDonald,* 119 Ga. App. 547 (167 SE2d 668); *O'Pry v. Goodman,* 132 Ga. App. 191 (207 SE2d 674). Compare *Summer-Minter & Associates v. Giordano,* 231 Ga. 601 (203 SE2d 173). The trial court did not err in permitting a second motion for summary judgment.

(b) Did the individual defendant succeed in carrying the burden imposed upon him as movant for summary judgment? Prior to the plaintiff amending its complaint, defendant was unquestionably entitled to prevail. "One person may own all the stock of a corporation, and still such individual shareholder and the corporation would, in law, be two separate and distinct persons." *Waycross Air-Line R. Co. v. Offerman &c. R. Co.,* 109 Ga. 827, 828 (35 SE 275); *Shingler v. Shingler,* 184 Ga. 671, 672 (3) (192

SE 824).

But plaintiff's amendment changed the legal picture. Under a different theory, this amendment sought judgment against the individual defendant on the basis that the conduct of his business was such that he made himself personally liable.

"Using such expressions as 'piercing the corporate veil,' or 'looking at the substance rather than at the form,' or 'disregarding the corporate fiction,' the courts are constantly demonstrating a willingness. to disregard the separateness of the entity of a corporation where such corporation has over extended its privileges in the use of the corporate entity to defeat justice, to perpetrate fraud, or to evade statutory, contractual or tort responsibility." 6 EGL 242, Corporations, § 11, and cases contained in footnote 90. See also *Trans-Am. Communications v. Nolle,* 134 Ga. App. 457 (214 SE2d 717).

Defendant's affidavit was limited to the fact of his having dealt with plaintiff through his wholly owned corporations in his representative capacity as an officer. In no way did he undertake to deal with or rebut the allegations as to the manner in which he conducted corporate affairs as charged in the amendment. He thus failed to disprove an essential element of the plaintiff's cause of action. See citations in *C. K. Security Systems v. Hartford Acc. &c. Co.,* 137 Ga. App. 159.

"To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and *under every theory fairly drawn from the pleadings and evidence,* [cits.], and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff. [Cits.] And until movant has made a prima facie showing by evidence which demands a finding in his favor as to the particular matter, there is no duty upon the opposing party to produce rebuttal evidence. [Cits.]" *Henderson v. Atlanta Transit Co.,* 133 Ga. App. 354, 356 (1) (210 SE2d 845).

As there remains a genuine issue of material fact with regard to the individual defendant's liability, we must reverse. *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14

(198 SE2d 381).

2. *Case No. 51738*. In this appeal, plaintiff contends the trial court erred in refusing to render a judgment by default against defendants for failing to fully answer interrogatories.

The imposition of discovery sanctions is a matter addressed to the discretion of the trial court. *Stephens v. Howle,* 132 Ga. App. 92 (207 SE2d 632); *Smith v. Mullinax,* 122 Ga. App. 833, 835 (178 SE2d 909); Agnor, Use of Discovery Under the Georgia Civil Practice Act § 12-2 (1974). We find no abuse of discretion under the circumstances of this case.

*Judgment reversed in Case No. 51737; judgment affirmed in Case No. 51738. Bell, C. J., and Stolz, J., concur.*

Argued January 13, 1976 — Decided February 17, 1976.

*Hopkins, Gresham & Whitley, Thomas P. Gresham, J. Arthur Lee, Jr.,* for appellant.
*Carlisle & Carlisle, Ralph E. Carlisle,* for appellees.