## 59268. KACHWALLA v. BYRNE.

BIRDSONG, Judge.

Denial of summary judgment. Byrne, the appellee, owned several undeveloped lots. Kachwalla approached Byrne and suggested that they develop the lots by building single dwelling homes thereon. Byrne needed "start up" capital and entered into an agreement with Kachwalla. That agreement in pertinent part stated in its preamble: "Whereas, Byrne owns certain residential lots. . . and Whereas, the parties desired to associate together in constructing on the said lots single family dwellings and in selling the same upon completion . . ." In accordance with that agreement Kachwalla advanced Byrne $2,000 per lot for six lots, or $12,000. Byrne executed a promissory note for $12,000 at 9% interest and additionally agreed to pay Kachwalla a "consultant fee" of $900 for each of the lots for which $2,000 had been advanced. In addition Byrne executed a security deed to two other lots owned by him. There was a prior security deed on all the lots held by a bank. When the enterprise came into difficulty, Byrne defaulted on the note to the bank which foreclosed on all the lots. Kachwalla brought the present suit on the promissory note demanding the repayment of the $12,000, the "consultant fee" amounting to $5,400, interest on the $12,000 amounting to $990, and attorney fees which were authorized by the note. Byrne answered denying liability, primarily upon a contention that the agreement clearly contemplated a joint venture. Inasmuch as that joint venture failed, Kachwalla, in Byrne's argument, is entitled to no recovery (see *Manget v. Carlton,* 34 Ga. App. 556, 560 (130 SE 604)). Kachwalla, on the other hand, argues that the indebtedness arose out of an unambiguous promis-

sory note which is overdue and is not subject to modification or interpretation by parol evidence. The trial court denied Kachwalla's motion for summary judgment. We granted Kachwalla's timely filed interlocutory appeal. *Held:*

After having examined the more complete record, we are of the opinion that the interlocutory appeal was improvidently granted. To entitle a party to a summary judgment, the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling the plaintiff to recovery and under every theory fairly drawn from the pleadings and evidence, and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff. *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49, 57 (230 SE2d 45); *Keller Bldg. Products v. Young,* 137 Ga. App. 682, 685 (224 SE2d 815); *Henderson v. Atlanta Transit System Co.,* 133 Ga. App. 354, 356 (1) (210 SE2d 845). In this case there is presented upon the face of the agreement signed by the parties a real controversy as to whether there existed a joint venture. This has not been controverted by Kachwalla except through reliance upon the parol evidence rule made applicable by the statute of frauds. There remaining a real controversy as to an essential element of Kachwalla's complaint, we conclude the trial court did not err in denying summary judgment to Kachwalla.

*Appeal dismissed. Deen, C. J., and Sognier, J., concur.*

ARGUED JANUARY 14, 1980 — DECIDED APRIL 8, 1980.

*John F. Bradford,* for appellant.
*Edward J. Magner,* for appellee.