51844. POSITIONS, INC. v. STEEL DECK & SIDING COMPANY.

CLARK, Judge.

The question for decision in this appeal is whether the Private Employment Agencies Act (1974 Ga. L. 567; Code Ann. Chapter 84-41) applies to personnel consultants who are retained and paid solely by employers with no fee charged to the job seeker.

Positions, Inc., a management personnel recruiter, sued Steel Deck & Siding Co. for services rendered the latter in procurement of a named executive employee. The case was tried without a jury and, at the close of plaintiff's evidence, defendant moved for an involuntary dismissal of the complaint. The trial judge granted defendant's motion on the ground that plaintiff had failed to comply with the Private Employment Agencies Act in that it had not been licensed thereunder nor had it obtained a written contract with the employee as required by the statute. This appeal is from that ruling.

Was plaintiff operating an "employment agency" under the Private Employment Agencies Act? Section 3 (c) of the Act (Code Ann. § 84-4103 (c)) defines an "employment agency" as "any person who, *for a fee charged or could be charged to an applicant,* (1) promotes, procures, offers or attempts to promote or to procure employees for persons seeking the services of employees or employment for persons seeking employment, or (2) who, for a fee charged or could be charged to an applicant, in seeking to perform any of the foregoing, gives information by any means as to where employment may be obtained, or (3) who, with a view to profit, shall undertake any of the aforementioned functions through the medium of cards, circulars, pamphlets of any nature whatsoever, or through the display of a sign or bulletin offer to secure employment or give information as to where employment may be secured. This definition . . . shall not include 'executive counsellor,' 'temporary help service' or 'news periodicals.' " (Emphasis supplied.) Section 3 (i) of the Act (Code Ann. § 84-4103 (i)) defines an "applicant" as "anyone performing or seeking to perform work, service or labor of any kind and, who had, for this purpose, visited or contacted or been contacted by an employment agency."

Statutory restrictions upon trade and occupations must be construed narrowly. *Mayor &c. of Savannah v. Hartridge,* 8 Ga. 23 (5); *Sherman Stubbs Realty &c., Inc. v. American Institute &c., Inc.,* 117 Ga. App. 829, 831 (162 SE2d 240). Narrowly construing the definition of "employment agency" as the term appears in the Private Employment Agencies Act, and examining the statute as

a whole, it is clear that personnel consultants retained and paid exclusively by employers are not employment agencies within the meaning of the Act. 1974 Op. Atty. Gen., 379 [U 74-30]. The public policy behind the Act is the protection of ignorant job seekers from incompetent and unscrupulous employment agencies. See generally Telex Corporation v. Balch, 382 F2d 211, 219 (8th Cir. 1967). The Act was not aimed at personnel consultants who do not charge or attempt to charge a fee to prospective employees.

The evidence adduced at trial shows without contradiction that in procuring positions for its clients plaintiff was retained and paid solely by employers. Accordingly, we hold that plaintiff was not subject to the provisions of the Private Employment Agencies Act.

Defendant contends that even though plaintiff may be ruled not subject to the Private Employment Agencies Act we should affirm the trial court on the ground that the evidence demonstrated the litigants did not reach a mutual agreement. We cannot accept this contention. Plaintiff presented evidence which made a prima facie showing that a contract existed between the parties. Inasmuch as the trial court did not weigh this evidence in reaching its decision (see Code Ann. § 81A-141 (b)) but limited its decision to failure by plaintiff to comply with the Private Employment Agencies Act, it would be improper to affirm on the ground urged by defendant.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

ARGUED MARCH 8, 1976 — DECIDED MARCH 19, 1976.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr.,* for appellant.

*William J. Porter,* for appellee.