## 58963. CAMILLA COTTON OIL COMPANY v. MILLS MANAGEMENT SOURCES, INC.

DEEN, Chief Judge.

The appellee sued Camilla Cotton Oil Co. on an employment contract, alleging that it had furnished the appellant an upper grade management employee and that it refused to pay the applicable fee according to its contract. From a verdict in favor of the personnel consultant firm, the employer appeals.

1. The evidence shows without contradiction that William Mills, president of the plaintiff corporation, had an initial interview with Lee Jones in which he outlined to him the management structure and duties of the job with Camilla Cotton Oil Company, for which he wished Jones considered and for which Jones was in fact hired after an interview arranged by Mills. At the close of the direct examination, several documents were identified and offered in evidence. Objection was made to a photocopy of notes identified by Mills as being in his handwriting and taken by him and being all of his notes on the meeting in question. Asked to account for the original, he stated that the original was a part of his company's business records located in "what we call a big diary of our work." The introduction of this photocopy is not reversible error. The witness positively identified the notes as having been made by himself and that the notes were made in the regular course of business. He made an exact photocopy of these. From the fact that the original was placed in a

permanent diary, it is obvious that it was the regular course of business to make and keep such memoranda; hence, the writing was admissible under Code Ann. § 38-711. Further, photostatic reproductions made in the regular course of business for purposes of permanent preservation may be used without accounting for the original under Code Ann. § 38-710. It thus appears that, so far as Code Ann. § 38-710 is concerned, the only part of the foundation for admission missing is that it is not explicitly established that the copies were made for the purpose of preserving the writing. In *Strickland v. Foundation Life Ins. Co.*, 129 Ga. App. 614, 617 (200 SE2d 306) (1973), this exact objection was urged to the admission in evidence of Xerox copies of claim forms and held to be without merit, the court observing that documents of this type are properly admissible "without accounting for the original." See also *Williams v. American Surety Co.*, 83 Ga. App. 66 (1) (62 SE2d 673) (1950); *Ricketts v. Liberty Mut. Ins. Co.*, 127 Ga. App. 483, 486 (194 SE2d 311) (1972); *Smith v. Smith*, 224 Ga. 442 (1) (162 SE2d 379) (1968). We might further add that the introduction of this document could have had no bearing on the final outcome of the case, since both witnesses testified that the meeting between them occurred and generally what the conversation was about. Nor does it appear, as urged in the second enumeration of error, that these notes were part of a bigger transaction. Testimony that notes on the interview were placed in a volume called "big diary" by no means indicates that they were dependent on other transactions, if any, set out in the same volume. Lastly, the contents of the memorandum, as distinguished from the fact that Mills first interviewed Jones on the subject before sending him on to Camilla Cotton Oil, could not have any determinative relation to the outcome of the case.

2. It was held in *Positions, Inc. v. Steel Deck &c. Co.*, 138 Ga. App. 200 (225 SE2d 769) (1976) that Code Chapter 84-41, the Private Employment Agencies Act, does not apply to personnel consultants who are retained and paid solely by employers with no fee charged to the job seeker. In reliance upon this case, the trial court properly denied the appellant's motion for a directed verdict. The undisputed evidence is that the plaintiff is a firm of

personnel consultants, that it places qualified persons in managerial capacities with its client firms, and that Jones was so placed with appellant and a fee charged accordingly to the employer which was not paid. The verdict for the placement fee was proper.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED DECEMBER 5, 1979 — REHEARING DENIED DECEMBER 19, 1979 —

*David G. Jeffords, III, Frank C. Vann,* for appellant.
*Donald F. Walton, James C. Brim, Jr., N. Sandy Epstein, Warner R. Wilson, Jr.,* for appellee.