62285, 62547. NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY v. RHEE et al.; and vice versa.

BANKE, Judge.

The plaintiffs leased space for a clothing store in a building which was later destroyed by fire. Alleging that the loss of their inventory and leasehold improvements was covered by a policy of casualty insurance issued by the defendant, they brought this suit to recover for the loss. They also sought the award of a bad-faith penalty and attorney fees pursuant to Code Ann. § 56-1206.

Plaintiff Rhee is the named insured under the policy. The co-plaintiff, Accent of Atlanta, Inc., is a corporation which he owns and operates as president and sole shareholder. Apparently, all or most of the store property lost in the fire was purchased in the name of the corporation.

Rhee obtained the insurance coverage prior to the fire, but the policy was not actually delivered to him until afterwards. Although he claimed the total coverage for which he had contracted was $51,000, the total indicated in the face of the policy was $41,000.

Prior to trial, the defendant paid the plaintiffs $27,836 on their claim, pursuant to a written agreement providing that acceptance of

the payment would not constitute an accord and satisfaction and that the plaintiffs would not seek attorney fees with regard to this amount. While denying at trial that any portion of the loss was covered by the policy, the defendant admitted that the net loss to the plaintiffs' inventory as a result of the fire was $33,895. Based on this admission, the trial court directed a verdict for the plaintiffs as to this amount. The jury, acting under instructions that the $27,836 previously paid by the defendant would be deducted from the total amount of the recovery, found by special verdict that the total coverage was $51,000 rather than $41,000; that plaintiffs were entitled to $7,765.24 for the loss of their leasehold improvements in addition to the $33,895 due them for loss of inventory; that the defendant had acted in bad faith in refusing to pay the total amount due; and that the plaintiffs were accordingly entitled to $6,500 in attorney fees. They did not, however, assess a statutory bad-faith penalty against the defendant pursuant to Code Ann. § 56-1206. In entering judgment on the verdict, the trial court, as promised, deducted the $27,836 which the defendant had paid prior to trial.

The plaintiffs subsequently filed a motion for judgment notwithstanding the verdict, contending that the jury had ignored uncontroverted evidence establishing additional damages to the leasehold improvements. While this motion was still pending, the defendant filed a direct appeal. The plaintiffs' motion for judgment notwithstanding the verdict was subsequently denied, and they filed an appeal from that order. They have moved to dismiss the defendant's appeal on the ground that it was filed while their motion for judgment notwithstanding the verdict was still pending. *Held:*

1. The motion to dismiss the defendant's appeal is denied. Pursuant to Code Ann. § 81A-150 (b), a motion for judgment notwithstanding the verdict may be entertained only if the movant has previously moved for a directed verdict and is seeking to have judgment entered "in accordance with" that motion. See generally *Ga. Sou. &c. R. Co. v. Blanchard,* 121 Ga. App. 82 (4) (173 SE2d 103) (1970); *Hines v. Tinnin,* 150 Ga. App. 74 (1) (256 SE2d 622) (1979). Although the plaintiffs moved for a directed verdict at the close of the evidence, what they sought to be awarded in that motion was merely the difference between the $27,836 which the defendant had already paid and the minimum amount of coverage ($41,000) which they had purchased. The jury's verdict in fact exceeded this amount, although it did not give the plaintiffs the full benefit of the $51,000 adjudged to be the actual amount of coverage. In their motion for judgment notwithstanding the verdict, the plaintiffs argued that the un-controverted evidence showed that their total damages were in excess of $51,000. Our review of the transcript, however, does not

reveal that such an award was sought by way of motion for directed verdict, and, if it was, the trial judge certainly never ruled on it during the course of his colloquy with the attorneys. We accordingly hold that the trial court was without authority under Code Ann. § 81A-150 (b) to entertain the plaintiffs' motion for judgment notwithstanding the verdict. It follows that the pendency of that motion did not render the defendant's appeal premature. The motion to dismiss is accordingly denied.

2. Because the only error enumerated by the plaintiffs in their appeal is directed to the denial of their motion for judgment notwithstanding the verdict, our ruling in Division 1, supra, also disposes of the merits of that appeal.

3. The defendant's first enumeration of error concerns the trial court's failure to declare a mistrial in response to certain statements made by counsel for the plaintiffs during closing arguments. Counsel for the defendant was unable to object to any of these statements at the time, as the trial court had instructed him not to further interrupt plaintiffs' counsel. This ruling was apparently prompted by defense counsel's repeated objections earlier in the argument.

While the trial court's instruction certainly excused defense counsel's failure to object or move for a mistrial during the argument itself, it did not relieve him of his duty to object at the earliest available opportunity thereafter. See generally *Nashville &c. R. v. Ham,* 78 Ga. App. 403, 408 (50 SE2d 831) (1948). The earliest available opportunity came immediately after the conclusion of the closing arguments, when the judge excused the jury so that he could discuss certain matters with the attorneys prior to giving his charge. Defense counsel did not raise objections to plaintiffs' argument or move for a mistrial at this time, but instead waited until after the jury had been charged. The defendant thereby waived his right to seek a new trial based on the allegedly prejudicial remarks. See *Brown v. State,* 110 Ga. App. 401, 407 (138 SE2d 741) (1964).

4. The defendant contends that it was entitled to a directed verdict because the insurance policy was issued to Rhee as an individual, whereas the property lost in the fire had been purchased by his corporation, Accent of Atlanta, Inc. This contention is without merit. As indicated previously, Rhee was the sole shareholder of the corporation. Accordingly, a loss to the corporation was an equivalent loss to him. See 43 AmJur2d Insurance § 496. The cases cited by the defendant in support of a contrary holding are inapposite. In *Great American Ins. Co. v. Lipe,* 116 Ga. App. 169 (2) (a) (156 SE2d 490) (1967), this court held that a corporation had no insurable interest in an automobile purchased by its president for his own personal use, although he was a substantial shareholder. This is the converse rather

than the equivalent of the situation before us now. In *Sturdivant v. Chapman,* 146 Ga. App. 26 (245 SE2d 311) (1978), we held that the sole shareholder of a corporation could not, in the absence of fraud or some abuse of the corporate structure, be held liable for insurance premiums owed by the corporation. There is nothing in either of these cases which would support a holding that the sole owner of a corporation has no insurable interest in the corporation's assets, nor can we conceive of any reason to create such a rule.

The defendant further contends that the plaintiffs were not entitled to recover without showing how the loss was allocated between them. However, such information has no relevance to a determination of the amount of the defendant's total liability in this joint action by the plaintiffs.

5. The trial court did not err in determining as a matter of law that the following policy exclusion was inapplicable: "This policy does not insure . . . against: A. Loss occasioned directly or indirectly by enforcement of any ordinance or law regulating the use, construction, repair, or demolition of property including debris removal expense."

When an insurer denies liability on the basis of a policy exclusion, it has the burden of proving the applicability of the exclusion. *American Motorist Ins. Co. v. Sutton,* 148 Ga. App. 872 (1) (253 SE2d 256) (1979). There was direct, uncontroverted evidence in this case showing that the building in which the plaintiffs' business was located suffered such extensive structural damage from the fire that it could not be restored and that the plaintiffs thereby lost the total value of their leasehold improvements. The "evidence" upon which the defendant relied to establish the applicability of the exclusion was the following testimony by plaintiff Rhee, who is a Korean immigrant with limited command of the English language: "Q: Now, Mr. Rhee, were you able to use any of the improvements and betterments that were in the store . . . A: The building is condemned. That building is demolated (sic) already. How could I use them?" The defendant also introduced the testimony of a witness who stated that Rhee had told him that the building had been condemned by the City of Atlanta. We do not believe that the jury could have concluded from these statements that the plaintiffs lost their leasehold improvements as the result of the enforcement of a city ordinance "regulating the use, construction, repair, or demolition of property," rather than as the result of the fire. The most that could conceivably be inferred from Rhee's statement is that the city required the shell to be torn down after the fire. Even assuming *arguendo* that such was the case, it does not follow that the plaintiffs lost their leasehold improvements due to governmental action rather than to the fire.

6. The trial court did not err in directing the jury to find that the plaintiffs' net inventory loss was $33,895. The evidence establishing this figure was uncontroverted; indeed, the defendant's expert agreed that it was correct.

7. The trial court's failure to charge the jury that they were not required to accept the expert testimony offered by the plaintiffs to establish attorney fees cannot be asserted as error in the absence of a timely written request for such a charge. See Code Ann. § 70-207 (b); *Travelers Indemnity Co. v. Cumbie,* 128 Ga. App. 723 (5) (197 SE2d 783) (1973). Accord, *Godwin v. Atlantic C. L. R. Co.,* 120 Ga. 747 (6) (48 SE 139) (1904); *Scudiere v. State,* 130 Ga. App. 477 (2) (203 SE2d 581) (1973); *Kirby v. State,* 145 Ga. App. 813 (1) (245 SE2d 43) (1978).

8. The defendant's remaining objections to the charge on attorney fees were waived by its failure to make them at trial in accordance with Code Ann. § 70-207 (a). We find nothing in the charge which was harmful as a matter of law, so as to preclude the need for such objections. See generally Code Ann. § 70-207 (b).

9. The court did not err in refusing to admit a photocopy of an insurance application form offered as evidence by the defendant, where the defendant was in possession of the original and had made no attempt to establish that the photocopy had been made in the regular course of business, as required by Code Ann. § 38-710. See generally *Cox v. State,* 93 Ga. App. 533, 535 (92 SE2d 260) (1956). The recent case of *Camilla &c. Co. v. Mills &c., Inc.,* 152 Ga. App. 823 (1) (264 SE2d 294) (1979) does not dispense with the requirement that the copy be made in the regular course of business. In that case, the only element of the statutorily required foundation which was missing was a showing that the copies had been made for the purpose of preserving the writing. Consequently, that was the only showing held unnecessary. *Id* at 824. A further reason for upholding the rejection of the photocopy at issue in the case before us now is that it contained only three pages of the 4-page original, and the missing page was not accounted for. Cf. Code Ann. § 38-704.

10. The trial court did not err in refusing to admit into evidence a worksheet containing notes made by the defendant's agent prior to preparing the application for insurance coverage. "While records of account made in the regular course of business . . . and certain other records are admissible under Code Ann. § 38-711, the statute does not go to the extent of rendering admissible self-serving memorandums (sic) of this kind. (Cit.)" *Maryfield Plantation, Inc. v. Harris Gin Co.,* 116 Ga. App. 744 (4), 747 (159 SE2d 125) (1967). Although the witness was entitled pursuant to Code § 38-1707 to use the notes to refresh his recollection, the notes themselves were not admissible. See generally *Woodward v. City Council of Augusta,* 117 Ga. App. 857 (162 SE2d

304) (1968).
*Judgments affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 21, 1981 —
REHEARING DENIED NOVEMBER 23, 1981 IN CASE NO. 62285.

*Malcolm S. Murray, William A. Dinges,* for appellant.
*Gregory W. Sturgeon, Furman Smith, Jr.,* for appellees.