72379. STANSELL v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.
72380. WILSON v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.
(345 SE2d 151)

DEEN, Presiding Judge.

On August 29, 1981, Barry Stansell was injured when he fell from a 1979 Ford van that was owned by Continental Tile Service, Inc., d/b/a Wilson Tile Company (Continental), which was headquartered in Rome, Georgia. Harold Wilson, as president and majority shareholder of the corporation, had loaned the vehicle to his brother, Jimmy Wilson, who also was a tile contractor in Florida. Stansell, who formerly had worked for Continental, accompanied two Continental operatives who were taking the van to Florida to help out on a job of Jimmy Wilson. He had fallen out of and been run over by the van when he attempted to close the van's sliding side door that had opened.

On August 15, 1983, Stansell commenced a civil action against Harold Wilson, d/b/a Wilson Tile Company, alleging that Wilson had negligently modified or installed the sliding door on the van. The St. Paul Fire and Marine Insurance Company (St. Paul), which had issued a commercial automobile insurance policy to Continental covering the 1979 Ford van, subsequently filed for declaratory judgment that it was not liable under the policy for the individual liability of

Harold Wilson. (In May 1983, St. Paul had paid Stansell $45,000 in PIP benefits under the policy.) Stansell and Harold Wilson bring these appeals from the trial court's grant of summary judgment for St. Paul. *Held*:

The policy issued by St. Paul in this case specified that it was a "commercial auto policy," insuring business vehicles of the named insured, Continental Tile Service, Inc., d/b/a Wilson Tile Company. The policy did not refer to Harold Wilson, or any other individual. Because the policy also indicated that the form of the named insured's business was "individual," rather than "corporation" or "partnership," however, the appellants contend that at least a jury question exists as to whether or not the policy extends coverage to Harold Wilson individually. Construing the policy as would a reasonable person in the position of the insured, we conclude that the appellants' contention is untenable. The policy quite clearly was a commercial policy insuring Continental, and did not purport to cover Harold Wilson in his individual capacity. See *Hogan v. Mayor & Aldermen of Savannah*, 171 Ga. App. 671 (320 SE2d 555) (1984).

The appellants also contend that an issue of fact existed over whether the corporate entity should be disregarded, and the policy treated as one issued to an individual. Harold Wilson was the majority shareholder of Continental, but he was not the sole owner. Wilson himself denied any breach of the corporate form, and, with particular reference to the use of the vehicles listed in the policy, denied any personal use of the business vehicles. In short, there was no basis for piercing the corporate veil as urged by the appellants. *Hogan v. Mayor & Aldermen of Savannah*, supra. Accordingly, the trial court correctly concluded that the policy did not cover Harold Wilson in his individual capacity, and properly granted summary judgment for St. Paul.

*Judgment affirmed in both appeals. Benham and Beasley, JJ., concur.*

DECIDED MAY 9, 1986.

*William D. Sparks*, for appellant (case no. 72379).
*Jim M. Foss*, for appellant (case no. 72380).
*James D. Maddox*, for appellee.