A93A1996. SHELBY INSURANCE COMPANY v. FORD.
(441 SE2d 764)

POPE, Chief Judge.

Plaintiff Karenna Marie Ford was injured while at K. C.'s 24-Hour Child Care Center. She filed suit, by her next friend and mother, Martie Louise Ford Foushi, against Kathy D. Cain, and K. C.'s 24-Hour Child Care Center seeking damages for her injuries. The only insurance in effect at the time of the accident was a general commercial liability policy issued by appellant, Shelby Insurance Company ("Shelby") to Kathy D. Cain as the named insured. Shelby denied coverage on the basis that it was not notified of the incident in a timely manner and because the corporate entity operating the day-care center was not a named insured under the policy, and plaintiff brought this declaratory judgment action.[1] Both parties filed motions for summary judgment and the trial court granted summary judg-

---

[1] Although the corporation was not originally named in the complaint, by consent of the parties the complaint was amended to add the corporation as a party.

ment to plaintiff on the issue of whether the corporate entity was an insured under the policy, but found a fact question remains as to whether Shelby was given proper notice of the claim. The trial court also denied Shelby's motion for summary judgment. Shelby appeals.

At issue in this case is whether the corporate entity established to operate the day-care center where the plaintiff was injured should be considered an insured under a policy in which the only named insured is an individual. Under the facts of this case, we hold that the trial court correctly granted plaintiff's motion for summary judgment on this issue.

As is relevant to this inquiry, Section II of the policy provides under the heading "WHO IS AN INSURED 1. If you are designated in the Declarations as: a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner." The record in this case shows the day-care center where plaintiff was injured was operated through a subchapter S corporation formed by Kathy D. Cain for that purpose. Although the evidence is somewhat unclear as to the exact ownership of the shares of the corporation, the record is clear that the only shareholders were Kathy D. Cain and her husband. 26 USC § 1361 (c) (1) provides that for the purpose of determining the number of shareholders of a subchapter S corporation, "a husband and wife (and their estates) shall be treated as 1 shareholder." Thus the sole shareholder of the corporation was the named insured on the policy in question, and as such she was the sole "owner" of the corporation. Shelby's assertions to the contrary, the fact that the corporation and the individual are to be treated as separate and distinct legal entities even when the stock of the corporation is owned by a single individual does not require a different conclusion; in other words, a finding that an individual who owns all the shares of a corporation is the "sole owner" of that corporation is not synonymous with a finding that the corporate veil has been pierced. See *Byrd v. Brand*, 140 Ga. App. 135 (230 SE2d 113) (1976) (referring to the sole stockholder of the corporation as the "sole owner" but further holding that for the sole stockholder to be liable for corporate debts more than mere ownership of all the stock of the corporation must be shown). Because the named insured was the "sole owner" of the business entity in question, the trial court did not err in finding that both Kathy D. Cain and the corporate entity operating the day-care center were insureds under the policy for the incident in question.[2] See generally *Aetna Cas. &c. Co. v. Starrett*, 102 Ga. App. 278, 280 (1) (115 SE2d 641) (1960).

---

[2] Although the trial court also found that the child-care center was the only business owned by Kathy D. Cain, that finding is irrelevant to a determination of coverage under the policy and we will not address Shelby's contentions challenging that finding.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 4, 1994 —
RECONSIDERATION DENIED MARCH 8, 1994 — 

*Hobgood & Toler, T. Tucker Hobgood,* for appellant.
*Moore & Moore, W. Newton Moore, Barksdale, Irwin, Talley & Sharp, David B. Irwin,* for appellee.