S94G0982. SHELBY INSURANCE COMPANY v. FORD et al.
(454 SE2d 464)

BENHAM, Presiding Justice.

Karenna Marie Ford was injured on the premises of a day care center operated by KDC, Inc., a corporation owned by appellee Cain and her husband. Acting by next friend, Ford sued Cain and the corporation. The corporation had no insurance coverage, but appellant had issued to Cain individually a policy which provided coverage to her as an individual "only with respect to the conduct of a business of which you are the sole owner." Appellant denied coverage under that policy on two grounds: because of lack of timely notice of the injury and because the entity operating the day care center was not a named insured under the policy. Ford filed a declaratory judgment action to determine coverage and both sides moved for summary judgment.

The issue of timely notice remains pending for resolution of fact questions, but the trial court granted Ford's motion and denied appellant's on the issue of whether the corporation was a named insured under the policy. On appeal, the Court of Appeals affirmed, holding that since Cain is the sole owner of the business entity in question,[1] both she and the corporate entity were named insureds. *Shelby Ins. Co. v. Ford*, 212 Ga. App. 303, 304 (441 SE2d 764) (1994). We granted certiorari to review that holding, posing the following question: "Whether the Court of Appeals was correct in equating ownership of a corporate entity which operates a business with ownership of the business." The essence of the holding of the Court of Appeals in this case is that the owner of a corporation is necessarily the owner of the business operated by the corporation. That holding ignores both the language of the insurance policy and the basic premise of law pertaining to corporations, that they are entities distinct from their owners. The courts of this state have said many times that a corporation and its owner, even a sole owner, are separate and distinct.

> No hard and fast rule can be laid down, but it seems clear that so long as the law authorizes the formation of subservient corporations, the law would defeat its own purpose by disregarding its own creature merely because a parent corporation, or other sole owner, controls the subsidiary, or one-man corporation, and uses it and controls it to promote his or its ends. [Cit.]

*ITT Bus. Svcs. Corp. v. Roberts*, 184 Ga. App. 764, 767 (362 SE2d 496) (1987).

> [A] corporation is an artificial person created by law. The corporate identity is entirely separate from the identity of its officers and stockholders. A corporation and even its sole owner are two separate and distinct persons. [Cit.]

*Thrift v. Maxwell*, 162 Ga. App. 237, 239 (290 SE2d 301) (1982). " 'One person may own all the stock of a corporation, and still such individual shareholder and the corporation would, in law, be two separate and distinct persons.' [Cits.]" *Keller Bldg. Products v. Young*, 137 Ga. App. 682 (1) (b) (224 SE2d 815) (1976).

The evidence is clear in this case that there is no contract of insurance between appellant and KDC, Inc., the entity which operated

---

[1] Although the stock in the subchapter S corporation is owned by Cain and her husband, the Court of Appeals invoked the rule in 26 USC § 1361 (c) (1) that, for the purpose of determining the number of shareholders for a subchapter S corporation, "a husband and wife (and their estates) shall be treated as 1 shareholder."

the child care facility in which Ford was injured. KDC, Inc. leased property from Cain and conducted a child care business on that property. If an individual leased that property and conducted a child care business on it, there would be no question that the individual is the owner of that business, and the assertion that Cain was the owner of the child care business would be rejected out of hand. Contrary to the opinion of the Court of Appeals in this case, the fact that Cain owns the corporation does not change the fact that the corporate owner of the business is distinct from Cain as an individual. It was with Cain, as an individual, that appellant contracted to provide insurance coverage, and that contract cannot be enlarged by the court to include as a named insured a wholly distinct legal entity. The trial court erred in granting summary judgment to appellees and in denying it to appellant, and the affirmance of that judgment by the Court of Appeals was also error.

*Judgment reversed. All the Justices concur, except Sears, Hunstein and Thompson, JJ., who dissent.*

SEARS, Justice, dissenting.

I agree with the Court of Appeals' conclusion that as the sole shareholder of the corporation, "[Cain] was the sole 'owner' of the corporation" within the meaning of the insurance policy, and that such a finding "is not synonymous with a finding that the corporate veil has been pierced." *Shelby Ins. Co. v. Ford*, 212 Ga. App. 303, 304 (441 SE2d 764) (1994).

> Under Georgia law, "contracts of insurance are to be construed strictly against the insurer and in favor of the insured when language contained therein is susceptible to two or more constructions. Where the insurer grants coverage to an insured, it must define any exclusions in its policy clearly and distinctly. [Cits.]" *American Southern Ins. Co. v. Golden*, 188 Ga. App. 585, 586 (373 SE2d 652) (1988).

*Lumbermens Mut. Cas. Co. v. Plantation Pipeline Co.*, 214 Ga. App. 23, 29 (447 SE2d 89) (1994). In my view, "sole owner" is susceptible to more than one definition (as evidenced by the difference of opinion between this court and the Court of Appeals), and the insurer has failed to adequately define an exception to coverage. Thus, the policy must be liberally construed in favor of the insured.

Construing a similar provision, the Second Circuit Court of Appeals considered the application of an insurance policy to a corporation, where the language of the policy limited coverage to "a business of which [the insured individual] is the sole proprietor." *State of N. Y. v. Blank*, 27 F3d 783, 792 (2nd Cir. 1994). The court held that

since the individual was the sole shareholder of the corporation and "exercised close control over the operation of" the corporation, id., the business could be characterized as a sole proprietorship even though it was organized as a corporation, and could not be denied coverage. Similarly, in *Nationwide Mut. Fire Ins. Co. v. Rhee*, 160 Ga. App. 468 (287 SE2d 257) (1981), the court held that an insurance policy issued to Rhee as an individual covered the fire damage to property purchased by Rhee's corporation, because Rhee was the sole shareholder and "a loss to the corporation was an equivalent loss to him," id. at 470.

In this case Cain is the sole shareholder and president of the corporation, and exercised close control over the operations of the day care center. I would hold that the insurance policy covered Cain's corporation.

I am authorized to state that Justice Hunstein and Justice Thompson join in this dissent.

DECIDED MARCH 6, 1995 —
RECONSIDERATIONS DENIED MARCH 30, 1995.

*Hobgood & Toler, T. Tucker Hobgood,* for appellant.

*Moore & Moore, W. Newton Moore, Barksdale, Irwin, Talley & Sharp, David B. Irwin, Clay M. Westbrook, William G. Gainer,* for appellees.