[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 00-15055
Non-Argument Calendar

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**JANUARY 31, 2002**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 99-00417-CV-JEC-1

BYRON MILLER,
ADER MILLER,

Plaintiffs,
Counter-Defendants,
Appellants,

versus

HARCO NATIONAL INSURANCE COMPANY,

Defendant,
Counter-Claimant,
Appellee,

GALO MOYA, d.b.a. Shippers Services Express,
SHIPPERS SERVICES EXPRESS,

Defendants-Appellees.

_____

_____

No. 00-15444
Non-Argument Calendar

_____

D. C. Docket No. 99-00417-CV-JEC-1

BYRON MILLER,
ADER MILLER,

>Plaintiffs-
>Counter-Defendants,
>Appellees,

versus

HARCO NATIONAL INSURANCE COMPANY,

>Defendant,
>Counter-Claimant,

GALO MOYA, GALO MOYA, d.b.a.
Shippers Services Express,
SHIPPERS SERVICES EXPRESS,

>Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____
**(January 31, 2002)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

We now revisit this case upon its return to us from the Georgia Supreme
Court, to which we certified questions of Georgia state law. *Miller v. Harco Nat'l
Ins. Co.*, 241 F.3d 1331, 1334 (11th Cir. 2001) (per curiam). Based on the Georgia
Supreme Court's response, we conclude that the district court's grant of summary
judgment in favor of Harco National Insurance Co. (Harco) was in error.

Byron Miller was involved in a traffic accident with a truck allegedly owned by Galo Moya and his company, Shippers Services Express, Inc.[1] Byron and his wife, Ader Miller, sued in Michigan state court seeking compensation for their injuries. After the Michigan court granted them a default judgement, the Millers sought to have the order enforced in Georgia against Moya, his company and his insurance carrier, Harco.

The district court granted summary judgment in favor of the Millers and against Moya and his company, enforced the Michigan order and held Moya and his company liable for the injuries resulting from the accident. Relying principally on *Shelby Ins. Co. v. Ford*, 454 S.E.2d 464, 465–66 (Ga. 1995), the district court found that Harco had only insured Galo Moya, doing business as Shippers Services Express, not Shippers Services Express, Inc. Therefore, the district court granted Harco's motion for summary judgment.

Upon consolidated appeal, we affirmed the district court's decision to grant summary judgment against Moya and Shippers Services Express. *Miller*, 241 F.3d at 1332–33. After thoroughly reviewing the briefs and record for this case, we determined that the remaining issue of whether Harco is liable to the Millers as a

---

[1] We again note that for the reasons stated in the district court's opinion, Shippers Services Express, Inc., and Shippers Services Express may be used interchangeably throughout this opinion.

motor carrier insurer turns on unresolved questions of Georgia law. We therefore

certified the following questions to the Georgia Supreme Court:

> 1. Whether Georgia law recognizes a distinction between a suit against an individual doing business as a corporate entity and a suit against just the aforementioned legal entity? The question becomes whether insurance coverage given to final judgments against a named individual doing business as a corporate entity also provides such coverage when the final judgment is rendered solely against the corporate entity in suits under the motor common carrier provisions?

> 2. When the insured party is found liable based on a theory of piercing the corporate veil, is the insurer then liable for the same, even if no independent coverage exists under the insurance policy?

> 3. Does the mere fact that a court held the insured liable for an act covered by his policy create liability for the insurer?

*Id.* at 1334. After a thorough review of the questions, the Supreme Court of

Georgia issued an opinion addressing these questions. *Miller v. Harco Nat'l Ins.*

*Co.*, 552 S.E.2d 848 (Ga. 2001).

Relying on *Shelby Ins. Co.*, the Georgia Supreme Court held that "[i]f an

insurer contracts to provide insurance coverage to a sole proprietor, the courts

cannot enlarge the contract to include as a named insured the wholly distinct legal

entity of a corporation, even if the sole proprietor owns a majority of the stock

thereof." *Id.* at 851. Furthermore, the court held that "[b]ecause corporations and

their shareholders are separate and distinct entities, insurance coverage for final

4

judgments against the latter cannot ordinarily be enlarged to include final judgments against the former." *Id*.

Our second question presented an issue of first impression for the Georgia Supreme Court. Recognizing the purpose and intent of the State of Georgia's motor carrier laws, the court held that where a judicial determination has been made "that a corporate motor carrier is the alter ego of its controlling shareholder, *Shelby Ins. Co.* is distinguishable." *Id.* at 852. The court stated that "*Shelby* did not involve either a motor carrier or a piercing of the corporate veil. Its holding applies only to the expansion of insurance coverage 'to include as a named insured a wholly distinct legal entity.' By definition, two entities are not legally distinct when they are alter egos." *Id.* (citation omitted) (quoting *Shelby Ins. Co.*, 454 S.E.2d at 466).

The Georgia Supreme Court responded to the third question by stating that, "[w]ith respect to the motor carrier policy at issue in this case, we answer the question in the affirmative. That policy requires Harco to pay any final judgment against the Sole Proprietorship, as named insured, for an act of negligence involving its vehicle, no matter who committed that act." *Id.* at 853.

It follows that the district court's grant of summary judgment in favor of Harco was in error. Accordingly, we REVERSE the district court's grant of

5

summary judgment in favor of Harco and REMAND the case to the district court for further proceedings.