FINAL COPY
294 Ga. 436

S13G0614. DEPARTMENT OF TRANSPORTATION v. McMEANS.

HINES, Presiding Justice.

This Court granted certiorari to the Court of Appeals in *McMeans v. Dept. of Transp.*, 319 Ga. App. 230 (734 SE2d 412) (2012), to consider whether the Court of Appeals erred in holding that, in a condemnation proceeding, an individual can plead a business loss for a business operated on condemned property by a corporation that is solely owned by that individual. For the reasons that follow, we conclude that the Court of Appeals was in error, and consequently, we reverse.

The facts as found by the Court of Appeals are the following. On October 27, 2010, the Department of Transportation ("DOT") initiated condemnation proceedings for property owned by Brian McMeans ("McMeans"). The condemnation petition named as defendants, inter alia, McMeans, and McMeans Leasing, Inc. ("MLI"), a corporation owned solely by McMeans. On November 12, 2010, McMeans filed an answer acknowledging that he was the "owner of the property loosely described in" the condemnation petition, and alleging

damages of at least $1.3 million. On December 10, 2010, MLI filed an "Amendment to Answer filed November 12, 2010," in order "to provide that said Answer was for [MLI], a corporation solely owned by Brian K. McMeans." This pleading stated that McMeans was the owner of the property, that MLI was a leasehold tenant, and that MLI would sustain damages for business losses resulting from its removal from the property. At the same time, McMeans filed a pleading, "Answer of Brian K. McMeans," in which he alleged damages of at least $1.3 million as a result of lost uses of the property, interruption in his business income, loss of business, and damage to his business in addition to the value of the condemned real estate.

On February 8, 2011, McMeans filed a "First Amendment to Answer of Brian K. McMeans," purportedly to amend his December 10 filing and to add a "separate claim for business loss." On March 10, 2011, the DOT filed a motion to strike MLI's December 10 "Amendment to Answer," in which MLI sought to substitute itself for McMeans in the first answer filed by McMeans, and McMeans's February 8 "First Amendment" to his answer, in which McMeans explicitly added the business loss claim. Following a hearing, the trial court granted DOT's motion and struck both pleadings. MLI filed a direct

appeal, which was dismissed by the Court of Appeals on jurisdictional grounds because it was not an appeal from a final judgment; McMeans filed an application for interlocutory appeal to the Court of Appeals, which was granted, and he appealed the trial court's order striking his "First Amendment" to his answer.

The Court of Appeals reversed the trial court, holding that it erred to the extent it ruled that McMeans could not plead a business loss based on his failure to include it earlier and that he could not plead a loss from the business he owns and operates on the condemned property. Quoting *Dept. of Transp. v. Acree Oil Co.*, 266 Ga. 336 (467 SE2d 319) (1996), the Court of Appeals concluded that business losses can be recovered as a separate element "when the business belongs to the landowner and there is a total taking of the business." McMeans's earlier, unstricken answer alleged that he had put the property to special uses and would sustain business losses from its condemnation. The Court of Appeals reasoned that the stricken answer merely elaborated that McMeans operates a business on the property, which would be destroyed by condemnation, and that this elaboration was sufficient to state a provable legal claim. Therefore, striking the subsequent answer on the ground that the claim

failed as a matter of law was in error. Accordingly, the Court of Appeals concluded that the trial court abused its discretion by striking McMeans's "First Amendment" to his Answer. But, that was not the case.

A cardinal precept of corporate law is that corporations are separate legal entities from their shareholders, officers, directors, and employees. *Harper v. State of Ga.*, 292 Ga. 557, 562 (2) (738 SE2d 584) (2013); *Miller v. Harco Nat. Ins. Co.*, 274 Ga. 387, 391-392 (3) (552 SE2d 848) (2001); *Carrier 411 Svcs. v. Insight Technology*, 322 Ga. App. 167, 173 (3) (744 SE2d 356) (2013). This is so even in the situation in which a corporation is owned solely by one person. *Shelby Ins. Co. v. Ford,* 265 Ga. 232, 233 (454 SE2d 464) (1995); *Heyde v. Xtraman, Inc.*, 199 Ga. App. 303, 305 (2) (404 SE2d 607) (1991). And, this precept is not altered by the fact that the sole owner uses and controls the corporation to promote the owner's ends. *Amason v. Whitehead*, 186 Ga. App. 320, 322 (367 SE2d 107) (1988). This legal separateness is warranted because a corporation shields individual shareholders and members from personal liability for the acts of the corporation, unless there is legal reason to pierce the corporate veil. *Kilsheimer v. State*, 250 Ga. 549, 550 (299 SE2d 733) (1983); *Meredith v. Thompson*, 312 Ga. App. 697, 699 (719 SE2d 592) (2011). And,

4

great caution should be taken by courts in disregarding the corporate entity. *Soerries v. Dancause*, 248 Ga. App. 374, 375 (546 SE2d 356) (2001).

In the instant case, McMeans, individually, owns the real property that is the subject of the underlying condemnation action, and the corporation MLI owns and operates a business located on the subject property; it is a lessee.

Certainly,

> post-taking business losses can be recovered as a separate element in instances when the business belongs to a separate lessee or when the business belongs to the landowner and there is a total taking of the business.

*Dept. of Transp. v. Acree Oil Co.*, supra at 336 (1). When the business belongs to a lessee, business losses resulting from the condemnation of the leased property should be pled as a separate element of compensation from the value of the leasehold upon which the business is operated. *Bill Ledford Motors v. Dept. of Transp.*, 225 Ga. App. 548, 550 (a) (484 SE2d 510) (1997). Consequently, the lessee business owner is the proper party to assert a claim for business losses resulting from the condemnation. See *Dept. of Transp. v. Dixie Highway Bottle Shop*, 245 Ga. 314 (265 SE2d 10) (1980); *Lil Champ Food Stores v. Dept. of Transp.*, 230 Ga. App. 715 (498 SE2d 94) (1998); *Bill Ledford*

5

*Motors v. Dept. of Transp.*, supra. The distinct corporate entity MLI owned the business located and operated on the condemned property, so MLI, not McMeans, was the proper party to assert any claim for its business losses due to the condemnation. Thus, the trial court did not err in striking McMeans's February 8 "First Amendment" to his answer, in which he sought to expressly add a claim for business losses incurred by MLI.[1]

Judgment reversed. All the Justices concur.

Decided January 21, 2014.

Certiorari to the Court of Appeals of Georgia — 319 Ga. App. 230.

Samuel S. Olens, Attorney General, Denise E. Whiting-Pack, Senior Assistant Attorney General, Power, Jaugstetter & Futch, Warren R. Power, Leslie A. Erwin, for appellant.

Albert B. Wallace, Stephen B. Wallace II, for appellee.

---

[1] Inasmuch as MLI's appeal from the striking of its December 10, 2010 "Amendment to Answer," was dismissed by the Court of Appeals as jurisdictionally infirm, the propriety of that ruling by the trial court is not directly at issue in this granted certiorari to the Court of Appeals.